Argued and submitted January 28, reversed in part; remanded in part June 5, 2002

STATE OF OREGON,
by and through the
DEPARTMENT OF TRANSPORTATION,
*Appellant,*

*v.*

Steven T. KESTERSON,
*Respondent,*
*and*

Robert HILLECKE
and Walter D. Buchanan,
*Defendants.*

96-2040; A111903

47 P3d 546

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for the appellant. With him on the briefs were

Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Richard W. Todd argued the cause for respondent. With him on the brief was Bertoni & Todd.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff, the Oregon Department of Transportation, appeals from a supplemental judgment awarding defendant attorney fees and costs in this condemnation action.[1] It argues that the amount of the jury's verdict was the same as the amount of the highest offer that the state made at least 30 days before the commencement of the trial and that defendant is therefore not entitled to fees and costs. We agree and reverse the supplemental judgment.

In early 1996, plaintiff decided to acquire approximately 20 acres that defendant owned along Highway 101 in Tillamook County as part of a project to improve the highway in an area prone to slides. On April 11, 1996, it sent defendant a letter informing him of its intent and offering to purchase the property for $410,000. On May 8, it filed this action to take the property by condemnation, alleging that the just compensation for the taking was $410,000. In his answer, defendant alleged that just compensation was $950,000. He also alleged counterclaims against plaintiff. On April 24, 1997, plaintiff filed an amended complaint that added a number of tort claims against defendant, but it continued to allege the same amount of just compensation as had the original complaint. On May 17, it filed a second amended complaint that reduced the alleged just compensation to $156,500; at trial, it amended the amount again, this time to $0.

Defendant did not accept the April 11 offer made by plaintiff, although he asserts that he later attempted to accept the offer, provided that the settlement included a dismissal of all other claims between the parties. The jury found that just compensation for defendant's property was $410,000 and rejected plaintiff's tort claims. The judgment dismissed both plaintiff's tort claims and defendant's counterclaims with prejudice. Defendant then sought an award of attorney fees, expenses, and costs under ORS 35.346(7) on the ground that the judgment was greater than the amount of any offer that defendant had made at least 30 days before trial. The trial court agreed and entered the supplemental

---

[1] No party appeals from the judgment of condemnation that transferred title to the property to plaintiff and awarded defendant $410,000 in just compensation.

judgment from which plaintiff appeals. It apparently concluded, among other things, that the statute requires that, in order to avoid an award of attorney fees, expenses, and costs, the condemning authority's offer must be available to the defendant at the time of trial.

The issue on appeal involves the meaning and effect of current ORS 35.346(7), which for our purposes is in substance the same as ORS 35.346(2) (1995), the statute that was in effect when plaintiff filed this action.[2] That statute provides:

"If a trial is held or arbitration conducted for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court or arbitrator shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in ORS 35.335(2) in the following cases and no other:

"(a)   If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner to those defendants appearing in the action at least 30 days prior to commencement of said trial; or

"(b)   If the court finds that the first written offer made by condemner to defendant in settlement prior to filing of the action did not constitute a good faith offer of an amount reasonably believed by condemner to be just compensation"

In addition, ORS 35.346(1) provides:

"At least 20 days prior to the filing of any action for condemnation of property or any interest therein the condemner shall make a written offer to the owner or party having an interest to purchase the property or interest, and to pay just compensation therefore and for any compensable damages to remaining property."

---

[2] The legislature made a number of changes to ORS 35.346 in 1997. Or Laws 1997, ch 797, § 1. Because current ORS 35.346(7) is in substance the same as ORS 35.346(2) (1995), we do not need to decide which version would apply to this case if there were a conflict. One of the other 1997 changes requires the condemning authority, when it conveys a prefiling offer to purchase, to provide the property owner with a copy of any appraisal on which the authority relies. ORS 35.346(2). That requirement was not in effect when plaintiff offered to purchase the property in issue, and, despite defendant's contrary argument, it has no effect on this case.

The trial court expressly found that plaintiff acted in good faith when it made the April 11 offer. Thus, the only basis for an award of attorney fees, expenses, and costs to defendant under ORS 35.346(7) is subsection (a), which requires that the jury's award be greater than the plaintiff's highest written offer made at least 30 days before trial. Because the jury's award of $410,000 was identical to plaintiff's April 11 offer, defendant is entitled to attorney fees, expenses, and costs only if the April 11 offer does not qualify as an offer made "at least 30 days prior to commencement of said trial" to which the statute refers.

Plaintiff's offer appears to satisfy the literal meaning of the statute: it was made more than 30 days before the trial, and the jury's verdict did not exceed it. However, both defendant and the trial court suggest reasons for concluding that it nevertheless did not satisfy the statutory requirements. Defendant argued, and the trial court agreed, that the pre-filing offer that ORS 35.346(1) requires cannot qualify as the pretrial offer under ORS 35.346(7)(a). In reaching that conclusion, the trial court noted that ORS 35.346(1) refers to an offer "[a]t least 20 days prior to the filing of any action"; while ORS 35.346(7) refers to the "highest written offer" submitted "at least 30 days prior to the commencement of said trial," ORS 35.346(7)(a), and to "the first written offer * * * prior to the filing of the action[.]" ORS 35.346(7)(b). It apparently assumed that the same offer could not serve to comply with both statutes. The court also found that plaintiff withdrew the prefiling offer after defendant rejected it when it amended its complaint to reduce the alleged just compensation to $156,500. Because the trial court believed that ORS 35.346(2) requires the offer to be available at the time of trial, and not just be made at least 30 days before trial, it held that plaintiff's April 11 offer did not comply with statute. It followed, according to the court, that, because the verdict exceeded the highest offer available to defendant "at the time of trial," defendant was entitled to attorney fees.

In addition to supporting the trial court's reasoning, defendant argues that the statute expressly requires two offers. He notes that ORS 35.346(7)(b) refers to the "first written offer," while ORS 35.346(7)(a) refers to an offer made at least 30 days before trial. Defendant believes that those

provisions must necessarily refer to different offers. He also notes that ORS 35.346(1) refers to an offer made to the "owner," while ORS 35.346(7)(a) refers to an offer made to the "defendants" appearing in the action. Before plaintiff filed this action, there was no "defendant," so defendant reasons that there could be no offer made to a "defendant" under ORS 35.346(7)(a).

**1, 2.** The trial court's analysis and defendant's arguments add requirements that ORS 35.346(7)(a) does not contain, contrary to ORS 174.010.[3] Whether or not condemning authorities usually make more than one offer, the only offer that ORS 35.346 expressly requires is the prefiling offer described in ORS 35.346(1). That offer is a necessary predicate to the filing of the action. Nothing in ORS 35.346 prevents an offer under subsection (1) of the statute from also functioning as the offer described in ORS 35.346(7)(a). Also, assuming that the usual practice involves a sequence of offers, nothing in the statute requires the condemning authority to follow that practice.[4] All that the statute requires the plaintiff to do in order to avoid an award of attorney fees, expenses, and costs to the defendant is to make an offer at least 30 days before trial that is at least as great as the jury's verdict.

The references to "owner" in ORS 35.346(1) and to "defendant" in ORS 35.346(7)(a) do not mean that the prefiling offer cannot also be an offer made 30 or more days before trial. As plaintiff points out, ORS 35.346(7)(b) refers to "the first written offer made by condemner to defendant in settlement prior to filing of the action[.]" The defendant will receive that offer, of course, while it is merely an "owner" and before it is a "defendant," but the statute nevertheless calls

---

[3] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

[4] Indeed, a requirement that the condemning authority make a series of offers, each presumably higher than the previous one, would make it unlikely that the owner would accept the first offer. It would thus undercut one statutory purpose of requiring the prefiling offer, which is to produce an early resolution of the issue.

the recipient of the offer a "defendant." It is clear that the legislature simply intended to describe the parties in ORS 35.346(7)(a) by the designations that become appropriate once a legal action is filed. There is nothing in the text or context of the statute that suggests that the legislature intended the difference in nomenclature to have the legal effects that defendant suggests.

In this case, plaintiff offered defendant $410,000 before it filed the action. In its original complaint, it alleged that just compensation was the same amount as its offer. Assuming, as the trial court concluded, that plaintiff revoked its offer when it amended the complaint to allege a lower amount of just compensation, the offer remained in effect for over a year. The amended complaint that arguably revoked the $410,000 offer was filed on May 17; trial commenced on November 29. Thus plaintiff made the offer of $410,000 more than 30 days before trial, and it was the same amount as the jury's verdict. Nothing in the statute requires that the offer remain available at the time of trial. Had ORS 35.346(7)(a) provided that the offer he made "within" 30 days of trial, defendant and the trial court would have been correct. But ORS 35.346(7)(a) is clear on its face that the offer need only be made "30 days prior to the commencement of [the] trial[.]" Because defendant has not satisfied the statutory requirement for an award of attorney fees, expenses, and costs, the trial court erred in holding otherwise.

Supplemental judgment awarding attorney fees and expenses to defendant reversed; remanded for entry of judgment for costs to plaintiff.